[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10063
This action was brought by the Plaintiff wife against the Defendant husband for dissolution of their marriage on the ground of irretrievable breakdown. The parties were married on May 11, 1996 in Greenwich, Connecticut. There are no minor children issue of this marriage.
The parties appeared at trial and each testified. The court observed their demeanor and evaluated their credibility. In addition, the court reviewed and considered the exhibits, sworn financial affidavits, claims for relief, proposed orders, and trial memoranda. Based upon the evidence, the court makes the following findings. This action was commenced on July 13, 1999. The court has jurisdiction and all statutory stays have expired. The marriage has irretrievably broken down and judgment may enter dissolving the marriage on this ground.
Although it was some three years after the marriage when this action was commenced, this relationship began to disintegrate in May 1998 when the Defendant moved to California seeking work in the film industry.
The Plaintiff did not move to California because she was working, with a good job, and could not afford to make the move. The Defendant left hoping to find a job in film production, promising to return to Norwalk after three months. The Defendant did not find the job he sought and he began working for a retail hardware store. When the Plaintiff visited in July 1998, she found the Defendant living a lifestyle which she considered offensive and a total breakdown of the marriage followed soon thereafter.
Though this marriage was relatively short, primary contributing factors toward this breakdown were the way of life adopted by the Defendant after his move to California and his failure to I contribute toward the family's expenses. The Defendant left primary responsibility for their support with the Plaintiff and, as a result, the Plaintiff was forced to borrow approximately $25,000 from her mother. Further financial issues arose from the Defendant's repeated use of their ATM and a Visa card thus CT Page 10064 increasing their debt load.
The marriage has irretrievably broken down and judgment may enter dissolving the marriage on this ground. The Plaintiff wife's maiden name is restored to Elizabeth Pierce Tichenor Barnum.
In 1997, the parties purchased a home at 35 Bayview Avenue in Norwalk for approximately $200,000. At the time of its purchase, this property was used as a three-family house. After the Defendant moved to California, the Plaintiff continued to live in the house, managed the two apartments and paid all the associated bills. The property is located in a residence C zone, in which two-family homes are permitted with a permit issued by the Planning and Zoning Commission. The home was purchased in part with $20,000 in gifts from the Plaintiff's parents and a mortgage in the amount of $194,530. The present balance of this mortgage is now approximately $190,000.
The value of the 35 Bayview Avenue property was one of the major disputes at trial. The Plaintiff and her appraiser claimed that no permit had been issued for the property's use as a two-family house and that, therefore, the premises must be valued as a one family house. The appraiser stated that the kitchen, on the third floor, would have to be removed to qualify the house for a permit for a legal second apartment. He valued the property, as a one family house, at $233,000.
The Defendant's appraiser testified that the property was a legal three-family dwelling, relying solely on the Tax Assessor's card. He did not discuss the issue with the Norwalk Planning and Zoning Commission. He opined that because a flood in 1955 had destroyed many Norwalk records, circumstantial evidence was adequate to confirm the legality of the three-family house and that this property's long prior usage was a sufficient basis for his conclusion. The court indicated its difficulty with these opinions as to both value and the permitted use. No testimony was provided as to its value as a two-family house. The current state of the record is inadequate to permit this determination and since this property is the only significant asset of the parties, the court cannot and will not issue financial orders on the record as it stands. Both the Supreme Court "and the Appellate Court have often described financial orders appurtenant to dissolution proceedings as entirely interwoven and as a carefully crafted mosaic, each element of which may be dependent on the other." (Internal quotation marks omitted.) Smith v. Smith,249 Conn. 265, 276-77 (1999). The court, therefore, directs the parties to arrange a further hearing on this issue, and to provide additional factual and expert testimony on legal use and value. In keeping withSmith v. Smith, supra, any other outstanding financial issues including the plaintiff's request for the house, division of debts, and set off for CT Page 10065 debts incurred by the Defendant will be resolved when the court has the information needed to determine the value of the real property.
The parties are ordered to split the personal property between themselves and in the event of a dispute, they are to report to family relations to mediate any disputes. The court retains jurisdiction over the issue of personal property in the event the parties cannot reach an agreement and mediation fails.
The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
HILLER, JUDGE.